FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2013 MAR -6  PM 3: 35

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

CHRISTOPHER DOYON
a/k/a Commander X

LRH

CASE NO. 6:13-cr-49-Orl-37DAB

18 U.S.C. § 1030(a)(5)(A)
18 U.S.C. § 982 - Forfeiture

## INDICTMENT

The Grand Jury charges:

### Introduction

At times material to this Indictment:

1.     Section 18A.09-2 of the Orlando, Florida Code of Ordinances (hereinafter referred to as the "Ordinance") made it "unlawful to knowingly sponsor, conduct, or participate in the distribution or service of food at a large group feeding at a park or park facility owned or controlled by the City of Orlando within the boundary of the Greater Downtown Park District without a Large Group Feeding Permit issued by the City Director of Families, Parks and Recreation or his/her designee." For purposes of the Ordinance, the Greater Downtown Park District ("GDPD") included Lake Eola Park, and a "large group feeding" was "defined as an event intended to attract, attracting, or likely to attract twenty-five (25) or more people, including distributors and servers, in a park or park facility owned or controlled by the City, including adjacent sidewalks and rights-of-way in the GDPD, for the delivery or service of food." The Ordinance limited the

number of Large Group Feeding Permits that could be issued to a person, group, or organization for the same park in the GDPD to two permits in a twelve (12) month period.

2.      In May 2011, a group called "Food Not Bombs" ("FNB") began feeding homeless people in Lake Eola Park in Orlando, Florida in violation of the Ordinance.  Despite receiving a number of warnings, FNB continued with the large group feedings.  In June 2011, law enforcement began to arrest members of FNB who were in violation of the Ordinance.  The arrests were publicized by the media in Orlando, Florida.

3.      The People's Liberation Front, also known as PLF, was an online collective of individuals that was associated with collaborative hacking attacks motivated by political and social goals, often referred to as "hactivism."

4.      A Denial of Service ("DoS") attack and a Distributed Denial of Service ("DDoS") attack were hacking attacks that attempted to render a computer resource unavailable to its intended users.  A common DoS or DDoS attack was to attempt to saturate the target computer or network with external communications requests, so that the target could not respond to legitimate traffic, or responded so slowly as to render the target effectively unavailable.

5.      A High Orbit Ion Cannon ("HOIC") and a Low Orbit Ion Cannon ("LOIC") were open source computer programs that were originally designed as network security and stability testing applications, but which were also used as

2

tools by DoS or DDoS attackers.  Attackers could use a HOIC or a LOIC to send extremely large amounts of packets or requests over a network in an attempt to overwhelm a target.

6.      In retribution for the City of Orlando's enforcement of the Ordinance, the Defendant, CHRISTOPHER DOYON a/k/a Commander X, and others coordinated and executed DoS and DDoS attacks against computer networks associated with governmental agencies and others located in Orange County, Florida.

## COUNT ONE

7.      The allegations contained in paragraphs 1 through 6 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

8.      On or about July 4, 2011, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

## CHRISTOPHER DOYON
### a/k/a Commander X

the defendant herein, aiding and abetting others, knowingly caused, and knowingly attempted to cause, the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer that was used in and affecting interstate and foreign commerce and communication, and by such conduct, and by the defendant's related course of conduct affecting 1 or more other protected computers that were used in and affecting interstate and foreign commerce and

3

communication, caused loss to 1 or more persons during a 1-year period aggregating at least $5,000 in value, and by such conduct caused, and would, if completed, have caused a threat to public health and safety, by committing a DDoS attack against www.cityoforlando.net.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (b) & (c)(4)(B) and Title 18, United States Code, Section 2.

## COUNTS TWO THROUGH SEVEN

9.     The allegations contained in paragraphs 1 through 6 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

10.     On or about the dates set forth below, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**CHRISTOPHER DOYON**
**a/k/a Commander X**

the defendant herein, aiding and abetting others, knowingly caused, and knowingly attempted to cause, the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer that was used in and affecting interstate and foreign commerce and communication, and by such conduct, and by the defendant's related course of conduct affecting 1 or more other protected computers that were used in and affecting interstate and foreign commerce and communication, caused loss to 1 or more persons during a 1-year period aggregating at least $5,000 in value, as follows:

4

| Count | Date | Protected Computer |
|-------|------|--------------------|
| 2 | 6/29/2011 | visitororlando.com |
| 3 | 7/1/2011 | orlandoairports.net |
| 4 | 7/4/2011 | downtownorlando.com |
| 5 | 7/4/2011 | cityoforlando.net |
| 6 | 7/4/2011 | ci.orlando.fl.us |
| 7 | 7/4/2011 | rotaryorlando.com |

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (b) & (c)(4)(B) and Title 18, United States Code, Section 2.

## FORFEITURES

1.      The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

2.      The defendant, **CHRISTOPHER DOYON a/k/a Commander X**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

5

      (b) has been transferred or sold to, or deposited with, a third person;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

6

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

## THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER DOYON
a/k/a Commander X

## INDICTMENT

Violations:

18 U.S.C. § 1030(a)(5)(A)

A true bill,

_____
Foreperson

Filed in open court this 6th day

of March, 2013.

_____
Clerk

Bail   $_____

GPO 863 525